IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CV-123-FL

| | |
|---|---|
| CATHERINE W. HARGROVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings (DE # 20, 26) and defendant's timely objections to the memorandum and recommendation ("M&R") entered by the magistrate judge. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R of the magistrate judge and remands this matter for further proceedings.

## BACKGROUND

Plaintiff filed applications for supplemental security income ("SSI") payments and disability insurance benefits ("DIB") on July 30, 2001 and August 15, 2001, respectively, alleging disability beginning November 22, 1991. Explaining that plaintiff had filed previous applications which had been either denied or dismissed, the Administrative Law Judge ("ALJ") determined that the current action involved only the application for SSI benefits for the period beginning August 29, 2000.

A hearing before the ALJ was held on May 18, 2005, at which plaintiff was represented by a non-attorney, and a witness and a vocational expert ("VE") appeared and testified. On July 16,

2005, the ALJ issued a decision denying plaintiff's claim. Plaintiff requested a review of the ALJ's decision by the Appeals Council and submitted additional evidence as part of her request. After reviewing and incorporating the additional evidence into the record, the Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("the Commissioner").

Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 1383(c)(3). Plaintiff alleges the following errors by the ALJ: (1) failure to give controlling weight to the opinion of plaintiff's treating physician; and (2) improper assessment of plaintiff's credibility.

Through M&R entered October 6, 2008, the magistrate judge found that the additional evidence submitted to the Appeals Council is not material and that the ALJ did not err in evaluating the opinion of plaintiff's treating physician. The magistrate judge found, however, that the ALJ improperly assessed plaintiff's credibility. Accordingly, the magistrate judge recommends that this court grant plaintiff's motion for judgment on the pleadings, deny defendant's motion, and remand the case to the Commissioner for further proceedings. Defendant timely objected to the M&R, and plaintiff responded to the objection.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing defendant's final decision regarding plaintiff's disability status is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze,

368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing an objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

**B. Analysis**

The magistrate judge recommends this case be remanded because the ALJ failed to comply with the requirements of Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). In Craig, the Fourth Circuit reiterated a two-part process, grounded in the applicable regulations, for determining whether a claimant is disabled by pain or other symptoms. 76 F.3d at 594. First, the ALJ must consider whether there is objective medical evidence of an underlying medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Id.; 20 C.F.R. §§ 416.929(b), 404.1529(b). This is often referred to as the "threshold test." 76 F.3d at 594. If this first step is satisfied, the ALJ must then evaluate the intensity and persistence of the pain, and the extent to which it affects claimant's ability to do work. Id. at 595. The regulations provide that in performing this second step, the ALJ must take into account "all available evidence," including both objective medical evidence and the claimant's subjective statements. Id.; 20 C.F.R. §§ 416.929(c)(3), 404.1529(c)(3).

3

On the record before it, the court in Craig held:

> The ALJ did not expressly consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges. Instead, the ALJ proceeded directly to considering the credibility of her subjective allegations of pain. Accordingly, we remand to the ALJ to determine whether Craig has an objectively identifiable medical impairment that could reasonably cause the pain of which she complains.

76 F.3d at 596. Here, the ALJ found that "the severity of pain of the claimant's allegations is inconsistent with the objective medical evidence such that she would not be precluded from all work." (Tr. 24). As the ALJ did not expressly determine whether plaintiff demonstrated an impairment capable of causing her alleged limitations, the magistrate judge recommends remand of this case on the issue of credibility for the Commissioner to undertake an analysis in accordance with Craig.

Defendant argues that by determining that plaintiff has severe impairments of chronic pain, fibromyalgia, and cervical spondylosis, the ALJ implicitly found that plaintiff had underlying impairments capable of causing the degree and type of pain alleged. An implicit finding, however, does not satisfy the standard set forth in Craig, which demands that the ALJ "expressly consider" the first step of the analysis. 76 F.3d at 596. In properly conducting the threshold test, the ALJ does not merely determine whether there is objective evidence of a medical impairment, but whether that impairment is capable of causing the *degree* and *type* of pain claimant alleges. Accordingly, the court in Craig did not consider the ALJ's finding that claimant had "severe impairments of the musculoskeletal system" an adequate performance of the threshold test. 76 F.3d at 589, 596.

Whether Craig strictly requires a case be remanded if the ALJ fails to expressly find the first step of the two-part test has been met is not a new question in the district courts of this circuit. A

4

recent opinion recognized a "serious split within the Fourth Circuit regarding this issue." Davis v. Astrue, 2008 WL 696920 at *19 (N.D. W. Va., March 13, 2008).[1] The Craig court's requirement that an ALJ expressly consider the threshold question could not be more direct, however, and this court "cannot ignore the clear edict of the Court of Appeals in Craig." Davis, 2008 WL at *19, n.3. This is true even where, as here, one of the severe impairments found by the ALJ is a pain-related disorder. Without expressly considering whether plaintiff's fibromyalgia could reasonably be expected to produce plaintiff's alleged symptoms and limitations, the ALJ failed to conform to the procedure mandated by Craig. The court therefore rejects defendant's argument that courts must "look beyond mechanical applications of Craig to determine if the ALJ's decision, when viewed in its entirety, is sufficient to allow for meaningful judicial review of the underlying credibility issue." (Def. Obj. at 11.)

Plaintiff does not specifically object to the magistrate judge's findings that the records submitted to the Appeals Council are not material and that the ALJ did not err in evaluating the opinion of plaintiff's treating physician. Rather, plaintiff argues that the court need not reach these

---

[1] Several courts have held that an ALJ's failure to expressly find that the threshold test has been met is grounds for remand. See Hill v. Comm'r of Soc. Sec., 49 F. Supp. 2d 865, 870 (S.D. W. Va. 1999) (remanding a case because the ALJ failed to expressly rule on the first part of the test, despite defendant's argument that a favorable determination for plaintiff on the issue would still result in a denial of benefits); see also Clowney v. Astrue, 2008 WL 2557445 at *5 (D.S.C. June 20, 2008) ("Most critically, the ALJ did not consider the threshold inquiry whether or not the plaintiff's impairments could reasonably be expected to create the symptoms alleged. . . . This error alone justifies remand."); Davis, 2008 WL at *19 (Rejecting defendant's argument that the ALJ's in-depth analysis of the second part of the test indicated the ALJ must have found for plaintiff at the first step on the grounds that Craig "imposes on the ALJ a duty to expressly state whether the objective evidence shows an impairment that could cause the pain claimed."). Other courts, however, have been willing to implicitly read into the administrative decision a finding favorable to the plaintiff on the threshold test on the basis that the ALJ undertook the second part of the analysis. See Basu-Dugan v. Astrue, 2008 WL 3413296 at *3 (M.D.N.C. August 8, 2008) ("[I]t is evident from the ALJ's opinion that he agrees with Plaintiff that her claimed impairments could reasonably be expected to produce the pain she alleges. Otherwise, there would be no reason for the ALJ to proceed to a lengthy step two Craig analysis."); see also Ketcher v. Apfel, 68 F. Supp. 2d 629, 650-51 (D. Md. 1999) (finding that even though the ALJ did not specifically state claimant's alleged pain could result from claimant's impairments, the ALJ must have made that determination because he noted the impairments were "severe.").

issues. The court finds, however, that administrative ruling on the issue of credibility on remand will not implicate either of these issues, and after careful review of the magistrate judge's findings, the court adopts those portions of the M&R addressing each of these issues as its own.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the M&R of the magistrate judge. Plaintiff's motion for judgment on the pleadings is GRANTED, defendant's motion for judgment on the pleadings is DENIED, and the case is REMANDED to the Commissioner for further administrative proceedings consistent with this order. The clerk of court is directed to close this case.

SO ORDERED, this the 30th day of March, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge